4:09cv3106

# IN THE FEDERAL COURT OF NEBRASKA, LINCOLN, NE

NKUMA UCHE
309 North 6th Avenue                    **COMPLAINT**
Hastings NE, 68901

**Plaintiff, Pro se**

Vs

NORTH STAR CAPITAL ACQUSITION LLC
Kirk E. Brumbaugh
Mark Quandahl
Karl Von Oldenberg
Sara Miller
Cory Rooney

**Defendants**

  COMES NOW the plaintiff, and for its cause of action against the
defendants hereby alleges and states as follows:

**1.** That commencing on or about June 11, 2008, defendants notified
the plaintiff in writing with a letter for an attempt to collect a debt and
any information obtained will be used for that purpose.  The letter is a
communication from a debt collector.  Unless within 30 days after
receipt of this letter you dispute the validity of the debt, or any portion
thereof , we will assume that the debt is valid. If you notify us in
writing within 30 days after receipt of this letter that the debt or any
portion thereof is disputed: **we will obtain and mail to you
verification of the debt or a copy of any judgment that might have
been issue thereon.** If you request in writing within 30 days after
receipt of our letter and notice we will provide to you the address of
the original creditor if different from the current creditor. **Defendants
stated that the Principal amount allegedly owed was $1,515.88
(copies attached, marked, A.)**

**2.** On about June 24, 2008, plaintiff responded to defendants' letter and categorically disputed the validity of the and any portion thereof, and made requests of pertinent documents to validate the debt pursuant to FAIR DEBT COLLECTION PRACTICES ACT RULES. **(Copies attached, marked, B.)**

**3.** On about June 19, 2008, plaintiff received a phone call from defendants' office asking him to arranged for a scheduled payments.

**4.** Plaintiff verbally disputed the validity of the debt and any portion thereof, and verbally requested defendants' office to mailed to him the requested documents effectively immediately as promised in defendants letter dated June 11, 2008 to validate the debt.

**5.** Defendants assured the plaintiff that within the next five days they will mail the requested documents to plaintiff.

**6.** Defendants willfully and intentionally failed to provide the plaintiff with the requested documents within the next five days to validate the debt as previously promised.

**7.** On about July 1, 2008, plaintiff received a letter from defendants dated June 30, 2008 with no address of the original creditor contrary to what was promised in defendants' dunning letter of June 11, 2008. The letter contains only the account numbers and the **account balance of $2,703.77.** **(copies of letter attached, marked, C.)**

**8.** Defendants willfully and intentionally failed to provide the plaintiff at some minimum, some account statement/s from the original creditor/s, complete payments history starting with the original creditor, how the interests, fees, and other charges were calculated or any explanation as to why the amount has suddenly increased within nineteen days.

**9.** On July 2, 2008 through August 12, 2008 plaintiff was temporarily out of the United States. **(Copies of travel itinerary attached, marked, D. )**

**10.** On about July 24, 2008, defendants filed a summons of complaint against plaintiff in the Adam District Court alleging the sum **of $2,719.57** outstanding balance due on the account at the rate of interest of **21.140%. ( Copies of complaint attached, marked, E.)**

**11.** Plaintiff was required to respond to the summons within 30 days of service and to file with the office of the court within a reasonable time after service. Failure to respond the court may enter judgment against plaintiff for the relief demanded in the complaint.

**12.** On August 13, 2009 plaintiff was served with the defendants summons of complaint by the Adam county sheriffs. **(copies of affidaifit of return attached, marked, F.)**

**13.** On about August 26, 2008, plaintiff responded to defendants' summons of complaint and filed with the office of the clerk of the court within a reasonable time after service. **(copies of response attached marked, G.)**

**14.** Plaintiff disputed the validity of the alleged debt or any portion thereof for the sum of **$2,719.59** alleged in the defendants complaint and further requested the verification and validation of the debt.

**15.** Plaintiff consistently requested the amount of the debt be verified since there are gross inaccuracies, discrepancies and inconsistencies in the balances alleged in defendants letters **of June 11, 2008, June 30, 2008 and summous of complaint of July 24, 2008.**

**16.** On October 8,2008, defendant unable to verify and proof the validity of the alleged debt willfully and intentionally reported an in accurate information to the Credit Bureau against plaintiffs in the sum of **$2,711. (Copies attached, marked, H.)**

**17.** On October 11,2008 plaintiff was served with a notice of serving interrogatories and request for admissions to be answered within 30 days without which judgment would be granted in favor of defendant.

**18.** Defendant claimed on the request for admissions that there is a balance of **$2,768.73** past due and owing to the defendants representing both the charges and /or advances made by plaintiff against the credit granted by the defendant and other charges and fees as allowed by the contract. **(copies of request for admissions attached, marked, I.)**

**19.** Defendants have failed to provide to the plaintiff any contract of assignment , chain of assignments, or any agreement with their alleged client that granted the defendants the authority to collect on the alleged debt.

**20.** On October 16, the plaintiff sent another cease and desist letter to the defendant to stop further communication and collection activities on the matter until the debt is verified and validated pursuant to FDCA rules. **(Copies attached Marked, J. )**

**21.** Plaintiff has been subjected to consistent harassment and intimidations by defendants with legal papers, although defendants have failed to validate this debt.

**22.** On October 20, 2008 plaintiff filed a motion for demand for inspection of documents with the district court clerk pursuant to code of civil procedure section 2031and sent a copy to defendants by certified US mail to respond and filed with the district court within 30 days of receipt. Wherefore if defendants failed to produce all the mentioned documents and failed to demonstrate sufficient and satisfactory proof of verification and validation of the alleged debt and filed with the clerk of district court of Adams county within 30 days of service of the motion plaintiff assumed that defendants are unable to validate the debt and therefore pray the court to dismiss this case against the defendants in violation of Nebraska civil procedure. **(copies attached marked, K. )**

**23.** One hundred and eighty days has elapsed defendants have failed to respond and filed with the district court.

**24.** On October 31, 2008 plaintiff filed a notice of serving interrogatories with the district court of Adams county pursuant to Rule 33 on the Nebraska Rules of Discovery and sent a copy by certified US mail to plaintiff to respond within 30 days wherefore failure to respond, the plaintiff assumed the defendants are unable to prove their case and plaintiff pray the court to dismiss the case in favor of plaintiff. **(copies attached marked, L.)**

**25.** One hundred and eighty days has elapsed and defendants have failed to respond and filed with the district court.

**26.** On November 8, plaintiff answered the interrogatories, filed with district court and sent a copy by certified mail to defendants.

**27.** On March 20, 2009 plaintiff application for home loan in TierOne Bank Hastings NE, was denied. Plaintiff auto loan application in Point Five Bank was previously in September 13, 2007 due in part or in whole to the inaccurate and derogatory information reported by the defendants in plaintiffs' credit report. **(copies attached, marked, M1 and M2. )**

**28.** On March 13, 2009, plaintiff received a second dunning letter from defendants alleging the sum of **$1515.88,** in spite of the fact that defendants have failed to validate the alleged debt before commencing a legal action against the plaintiff. **(copies attached marked, N. )**

**29. Plaintiff has received six different correspondences from the defendants including but not limited to:  June 11, 2008, June 30, 2008, summons of complaint of July 24, 2008,  Credit Bureau report filed October 8, 2008 , request for admissions dated October 8, 2008, and Dunning letter of March 13, 2009, containing inaccurate and inconsistent account balances in which the defendants have intentionally, willfully and falsely exaggerated and misrepresented the character, amount or legal status of the alleged debt. (Misrepresentation of account balances chart**

**Marked, O.)**

**30.** As of today, May 20, 2009 defendants have failed in all respects to respond to plaintiff requests and have not demonstrated sufficient and satisfactory verification and validation of the alleged debt while continuing to pursue collection activities.

**THE COMPLAINT SETS FORTH A RECOGNIZABLE CAUSES OF ACTION UPON WHICH RELIEF MAY BE GRANTED.**

**1.** The complaint set forth willful and intentional acts of defendants failure to verify and validate the alleged debt before commencing a wrongful law suit against plaintiff in violation of plaintiffs rights. **The requirement which has been established and settled via Spears v. Brennan, 745 NE.2d 862: 2001 Ind. App. LEXIS 509. Coppola v Arrow Financial Services, 302cv577, 2002 WL 321704 (D.Conn., Oct 29, 2002 and (consumer protection afforded by FDCA section 809(b)**

**2.** A cause of action is stated when defendants willfully, intentionally, falsely exaggerated and misrepresented the character and amount or legal status of the debt which has seriously impaired the plaintiff ability to knowledgeably assess the validity of the debt as plaintiff is overloaded with troubles and worries of the true amount of the unverified and invalidated debt. **Plaintiff rights has been violated under section 807(2) of the FDCPA, 15USC 1692(2). FIELDS vs. Wilber Law Firm, Donald's L WILBER AND Kenneth Wilber USCA-2-C-0072, 7TH Circuit Court September 2004.**

**3.** A cause of action is stated when defendants willfully and intentionally reported inaccurate information against plaintiff to the Credit Bureau with reckless indifference to its damaging effects on plaintiff credit standing and a result plaintiff has wrongfully been denied Home loan application by TierOne Bank in Hastings Nebraska which was highly embarrassing and has negatively impacted plaintiffs lifestyle. **(Reporting inaccurate information or failure to report**

information correctly violates Credit Reporting Act 1681-2 and
FDCPA Section 809(c).
**In TWYLA BOATLEY, Plaintiff, v DIEM CORPORATION, No
CIV 030762 UNITED STATES DISTRICT COURT FOR THE
DISTRCT OF ARIZONA, 2004, the court ruled that reporting a
collection account indeed is considered collection activity.**

**4.** A cause of action is stated by the plaintiff in this action when
defendants are enforcing a collection of the alleged debt which status
of limitation has expired and which no contract of assignment exits.
Defendants have not demonstrated sufficient proof that defendant
owns the debt or has been assigned this alleged debt or such
documents as contracts between  the defendants and the original
creditor. **U.S District Court in Illinois has ruled in denying
summary judgment for the debt collector. The court says, A debt
collector may be liable under Fair Debt Collection Practices Act
for filing suit against a debtor on a collection claim that was time-
barred by state law and where no written contract was attached to
the debt collector complaint and no evidence has been proffered
that a written contract exits. U.S District Court in Illinois say
filing time-barred claim violates Fair Debt Act. U.S District Court
for the Northern District of Illinois. Ramirez v., Palisades
Collection, LLC, No 07c3840, June 23,2008.  Lawyers USA No.
99310256.
Richburg v. Palisade Collection LLC (Lawyers USA No 9939154)
US District Court for the Eastern District of Pennsylvania No. 07-
7. Jan 28, 2009.**

**5.** A cause of action is stated when defendants willfully and
intentionally failed to provide the plaintiff at some minimum, some
account statement/s from the original creditor/s, complete payments
history starting with the original creditor, how the interests, fees, and
other charges were calculated.  **Fields Vs Wilber law firm, Donald's
L Wilber and Kenneth Wilber USCA-02-c-0072, 7th circuit Court
September 2004.**

**6.** Plaintiff has sent to the defendants cease and desists letters and the defendants still call, write plaintiff and continued to enforce collection of unverified and invalidated debt. **Consumer protection afforded by FDCPA Section 805(c)**

**7.** Defendants have consistently engaged in a conduct the natural consequences of what is to harass, intimidate or abuse plaintiff in **violation of section 806 of the FDCPA, 15 USC 1692 d.**

As a result of the foregoing, Plaintiff character has been defamed, plaintiffs credit standing has been ruined and plaintiff rights have seriously been violated.
Wherefore plaintiff respectfully demand judgment against defendants in the sum of One hundred thousand dollars on each causes of action and for costs and disbursement of this action and for such other and further relief as the Court deems appropriate under the circumstances.

Dated this -----------------May, 2009.

Respectfully submitted,


Nkuma Uche.

4885 S 118th Street, Suite 100
Omaha, Nebraska 68137

Law Offices
**BRUMBAUGH & QUANDAHL, P.C. LLO**
4885 S 118th Street, Suite 100
Omaha, Nebraska 68137
(402) 554-4400
Fax: (402) 554-0339

June 11, 2008

Nkuma Uche
309 N 6th Ave
Hastings, Nebraska 68901



RE: North Star Capital Acquisition Llc account
Account No. U10603
Principal Amount:    $1,515.88
Our File No. 08-16901-0

Dear Nkuma Uche:

This office represents North Star Capital Acquisition Llc in the matter identified above. Please contact this office to discuss the account. You may speak with my legal assistant at 888-881-1151.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This letter is a communication from a debt collector.

Sincerely,
BRUMBAUGH & QUANDAHL, P.C.

KIRK E. BRUMBAUGH

KEB:sdm

### NOTICE REQUIRED BY FEDERAL LAW

1.   Unless, within 30 days after receipt of this letter you dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.
2.   If you notify us in writing, within 30 days after receipt of this letter that the debt, or any portion thereof, is disputed, we will obtain and mail to you verification of the debt or a copy of any judgment that might have been issued thereon.
3.   If you request of us in writing, within the 30 days after receipt of our letter and notice, we will provide to you the  name and address of the original creditor, if different from the current creditor.

l01.frm

June 24, 2008

Nkuma Uche
309 North 6th Avenue
Hastings, NE 68901

**B**

Law offices
BRUMBAUGH & QUANDALL, PC.LLO
4885 S 118th Street, Suite 100
Omaha, NE 68137

Dear Brumbaugh & Quandall,P.C.

This is to acknowledge receipt of your letter dated .  June **14**, 2008

My response to your letter is as follows: That, I categorically disputed the validity of this debt or any portion thereof, for the sum of 1,515.88 alleged in your letter since no records were available that I could refer from.

Therefore, I am demanding the following documents to be sent to me effectively immediately.

(1)  A copy of the original line credit application of this particular account with my name and corresponding account number to match the monthly bills your client might have sent to me since such account was established.

(2)  A copy of the payment history that I have made on the account since same was established up to the date including the date of last payments on the account and balances.

(3)  The original amount owed to your client on the account if any.

(4)  The methods and formula your client had used to calculate the interests on this account including the late fees and other charges that I was aware of.

(5)  All signed documents by me indicating that I was fully aware of all the terms and conditions stipulated in the line of credit transactions with your client.

(6) .Copies of receipts of all the payments that I have made and the balances up to date.

(7) The books and records furnished to you by your client upon which you relied to justify your collection proceeding.

The basis of my demand is to ensure the figures alleged in your letter were not erroneously misstated.

Upon the review and validation of such books and records, I am and would be receptive to any settlement agreement that are mutually satisfying to both of us.

Respectfully submitted,

Nkuma Uche.

Law Offices

## Brumbaugh & Quandahl, P.C., LLO

4885 SOUTH 118 STREET, SUITE 100

### Omaha, Nebraska 68137

TELEPHONE (402) 554-4400
FACSIMILE (402) 554-0339

June 30, 2008

**C**

Nkuma Uche
309 N 6th Ave
Hastings, NE 68901

> RE: Nkuma Uche's
> Account Balance With:
> North Star Capital Acquisition Llc
> Our File No: 08-16901-0 JG
> Amount Due:   $2,703.77

Dear Uche:

Thank you for your most recent correspondence to our office. As
requested we are providing you with the original creditor
information. The account originated as a Capital One Bank account
identified with an account number of 5291071729337962, opened on
May 26, 2000.

Please contact our office to discuss your payment options.
                          Federal Disclosure
This letter is an attempt to collect a debt. Any information
obtained will be used for that purpose. This letter is a
communication from a debt collector.

Sincerely,

Brumbaugh & Quandahl PC LLO

Aaron Carr
PreSuit Manager

AC/lcs



**Travel**

ITINERARY FOR:
UCHE/NKUMA#069F0C&OG5851

D

POWERED UP?
KUMA UCHE
09 N 61H AVENUE
ASTINGS NE 68901

SUE DATE: JUN 24 2008 INVOICE: 16      7598 ACCT: 60163      LOCATION:

CONFIRMATION: 76FC5W
CENTRAV

        AIR ITINERARY

NORTHWEST FLT NO: 3319
DEP: LINCOLN 02JUL 6:35PM
ARR: MINNEAPOLIS 7:56PM

NORTHWEST FLT NO: 56
DEP: MINNEAPOLIS 02JUL 9:15PM
ARR: AMSTERDAM 12:30PM

NORTHWEST FLT NO: 8587
DEP: AMSTERDAM 03JUL 1:20PM
ARR: LAGOS 03JUL 7:10PM

NORTHWEST FLT NO: 8588
DEP: LAGOS 11AUG 9:40PM
ARR: AMSTERDAM 12AUG 5:30AM

NORTHWEST FLT NO: 67
DEP: AMSTERDAM 12AUG 10:30AM
ARR: DETROIT 12AUG 12:50PM

NORTHWEST FLT NO: 3251
DEP: DETRIOT 12 AUG 3:24PM
ARR: LINCOLN 12 AUG 4:30PM
ROUND TRIP AIR TRANSPORTATION
LINCOLN TO LAGOS
                    ----------
OTAL COST....................    1875.00

ECTIVE JAN 1 2003 ALL AIRLINE PASSENGERS MUST CHECK-IN AT THE
KET COUNTER. GATE CHECK-IN WILL NO LONGER BE ALLOWED.
RDING PASSES MUST BE SHOWN AT SECURITY CHECK POINTS AND MAY
OSTAINED AT THE AIRLINE TICKET COUNTER OR SELF SERVE KIOSKS.

 INFORMATION REGARDING OUR PRIVACY POLICY PLEASE CONTACT
R LOCAL AAA OFFICE

 YOUR AIR CAR OR HOTEL ITINERARY ON THE INTERNET BY ACCESSING



**Travel**

```
D AA TURNBAL  PLACE SUITE 100, HASTINGS NE 68901
             INTERNET:   402-462-4521
      TOLL-FREE:    800-222-4227
```

PURCHASED BY:
KUMA UCHE
09 N 6TH AVENUE
ASTINGS NE 68901

ITINERARY FOR:
UCHE/NKUMA#069P006005851

SSUE DATE: JUN 24 2008 INVOICE: 16     7589 ACCT: 60163     LOCATION:

PD:11JUN CREDIT CARD-UCHE          1875.00-

SERVICE FEE MCO NBR . . . . . . . . . .  8908133621848
IKUMA UCHE
PHONE CONTACT 402 462-9843
TICKET IS NONREFUNDABLE/NONTRANSFERABLE - PENALTIES AND FEES APPLY
FOR CHANGES - TO RETAIN VALUE FOR FUTURE TRAVEL YOU MUST CANCEL
YOUR CURRENT RESERVATION PRIOR TO DEPARTURE
THE AIRLINE MAY HAVE BAGGAGE RESTRICTIONS RELATED TO WEIGHT SIZE
NUMBER OF PIECES AND EXCESS BAGGAGE CHARGES.  PLEASE CHECK WITH
YOUR AAA CONSULTANT OR THE OPERATING CARRIER DIRECTLY

                    AAA NONREFUNDABLE SERVICE FEE PAID     30.00
                                         SUB TOTAL         30.00
                                         AMOUNT DUE         0.00

FFECTIVE JAN 1 2008 ALL AIRLINE PASSENGERS MUST CHECK-IN AT THE
CKET COUNTER.  GATE CHECK-IN WILL NO LONGER BE ALLOWED.
ARDING PASSES MUST BE SHOWN AT SECURITY CHECK POINTS AND MAY
   OBTAINED AT THE AIRLINE TICKET COUNTER OR SELF SERVE KIOSKS.

R INFORMATION REGARDING OUR PRIVACY POLICY PLEASE CONTACT
UR LOCAL AAA OFFICE

W VIEW AIR CAR OR HOTEL ITINERARY ON THE INTERNET BY ACCESSING

## SUMMONS

Doc. No.    15315

IN THE DISTRICT COURT OF Adams COUNTY, NEBRASKA
P.O. Box 9
Hastings              NE 68902 0009

North Star Capital Acquisition v. Nkuma Uche

Case ID: CI 08      511

E

TO:  Nkuma Uche

You have been sued by the following plaintiff(s):

    North Star Capital Acquisition

Plaintiff's Attorney:    Mark Quandahl
Address:                 4885 South 118th Street, Suite 100
                         Omaha, NE 68137

Telephone:               (402) 554-4400

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties within 30 days of service of
the complaint/petition and filed with the office of the clerk of the court
within a reasonable time after service. If you fail to respond, the court may
enter judgment for the relief demanded in the complaint/petition.

Date:  JULY 24, 2008        BY THE COURT:    Christine D Settle
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Nkuma Uche
        309 North 6th Avenue
        Hastings, NE 68901

BY:  Adams County Sheriff
Method of service:  Personal Service

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.



**IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA**



NORTH STAR CAPITAL ACQUISITION LLC,)      DOC.

Plaintiff,

vs.                                        **COMPLAINT**

NKUMA UCHE,

Defendant.

**FILED**

'08  JUL 24  P4:13

ADAMS COUNTY
CLERK OF DIST. COURT

COMES NOW the Plaintiff, and for its cause of action against the Defendant, hereby alleges and states as follows:

1.    Plaintiff is a corporation and the underlying account originated with a banking association existing under the laws of the United States.

2.    Defendant or Defendants, whether one or more (hereinafter Defendant) is, and at all pertinent times hereto was, a resident of the city of Hastings, ADAMS County, Nebraska.

3.    Capital One Bank (USA), N.A., hereafter referred to as "the Bank", issued a credit card account to Defendant, identified with Account Number 5291071729337962, and Defendant was extended credit.

4.    Defendant used the credit card account, but failed to make payments and went into default.

5.    For good and valuable consideration, the account was transferred to the Plaintiff herein, and Plaintiff acquired all rights of the Bank.

6.    At the time of the filing of this Complaint, there is presently due and owing from the Defendant to the Plaintiff the amount of $2,719.57 and interest at the rate of 21.140% ($.88 per diem) pursuant to N.R.S. Section 45(2) or pursuant to N.R.S.

Section 45-103, whichever is greater.

7.   Interest accrues from the date this account was charged off as bad debt by the original creditor.

8.   Defendant is not a member of the Armed Forces of the United States or of its Allies.

WHEREFORE, Plaintiff prays for judgment against the Defendant in the amount of $2,719.57, plus prejudgment interest at the rate of 21.140%, post judgment interest, and Court costs as allowed by law.

DATED:   July 18, 2008

NORTH STAR CAPITAL ACQUISITION LLC, Plaintiff

SERVICE COPY
ORIGINAL SIGNED

By_____
ATTY#16805, 18634, 20228, 21303, 23113
BRUMBAUGH & QUANDAHL, P.C., LLO
4885 S 118th St, Suite 100
Omaha, Nebraska   68137
(402) 554-4400
(402) 554-0339
ITS ATTORNEYS

c24.frm

JG  08-16901-0



**DATE 04-13-09**       **ADAMS COUNTY SHERIFF'S DEPARTMENT**
                              500 West 4th St, Ste 126
                              Hastings, Nebraska  68901

                         Affidavit Of Return

**Paper #:** 084348                **To:** BRUMBAUGH & QUANDAHL PC
**RECEIVED**  7-25-2008 AT 09:18       4885 SOUTH 118TH ST  SUITE 150
ADAMS COUNTY DISTRICT COURT         OMAHA NE  68137-0000

**Plaintiff**                           **Defendant**
NORTH STAR CAPITAL ACQUISITION      UCHE, NKUMA

**Docket CI08 Page  511 #**              **Attrny/Acct # 0667**

**Type Of Paper(s)**                     **Sheriff's Fees**
SUMMONS                              SERVICE & RETURN    15.00
COMPLAINT                            MILEAGE              .50
                                    OTHER                .00

                                    TOTAL              15.50

| Service Requested Upon: | Type Of Service | Officer | Date | Time |
|---|---|---|---|---|
| UCHE, NKUMA | : | 914VI | 8-13-2008 | 10:31 |
| 309 NORTH 6TH AVE | : | JAMES SIDLO | | |
| HASTINGS NE  68901 | : | | | |
| | PERSONALLY | | | |

SERVED AT ADAMS COUNTY SHERIFF'S OFFICE
          HASTINGS NE  68901

     I hereby certify that at the time and in the manner herein stated, I
served the within writ, together with copies shown, on the herein, named
party(s) a true and certified copy thereof with all endorsements there
on, or returned said writ unserved in the prescribed manner.
     All done in Adams County, Nebraska, as required by law.

                              **GREGG MAGEE, SHERIFF**

                    By Deputy(s)

IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA

North Star Capital Acquisition          AUGUST 26, 2008

vs.

Nkuma Uche

Brumbaugh & Quandahl, pc, LLC
4884 South 118 Street, Suite 100
Omaha, Nebraska 68137.

Dear Mark Quandahl,

This is to acknowledge receipt of your summons of complaints filed in the District
Court of Adams County, Nebraska, on July 24, 2008.

My response to your complaint is as follows:

1. That, I categorically disputed the validity of this debt or any portion thereof, for
the sum of $2,719.57 alleged in your summons of complaint since no records were
available that I could referenced to.

2. Therefore, I am demanding that the following documents be made available to
me and filed with the office of the clerk of the court within 30 days of service of
this response.

a. A copy of the original line of credit application of this particular account with
my name and corresponding account number to match the monthly bills your
client might have sent to me since the said account was established.

b. A copy of the history of all the payments that I have made since the alleged
account was established including the date of last payments and balances.

c. The original amount owed to your client on the account if any.

d. The methods and formula your client had used to calculate the accrued
interests on this account including, late fees and other charges that I was aware.

e. All documents signed by me indicating that I was fully aware of all the terms
and conditions stipulated in the alleged line of credit transactions/applications with
your client.

f. Copies of receipts of all the payments that I have made and the balances up to
date.

g. The books and records furnished to you by your client or you <u>MUST</u> have acquired from the bank upon which you have relied to justify your legal action.

3. The basis of my demand is to ensure that the figures alleged in your summons of complaints are not erroneously misstated or over exaggerated and above all to ascertain that, this is not a case of a mistaken identity.

4. Upon the review and validation of such books and records, I am and would be receptive to any settlement agreement mutually satisfying to both of us.

5. Let it be known to you sir: That you are the SERVANT/OFFICER of the court and you are not immune from any liabilities/s resulting from your action/s.

6. As an officer of the court you have every reason to know better that the burden of proof is squarely upon you, the plaintiff, based upon the preponderance of your evidence.

7. If you intentionally, willfully and arrogantly failed to make available all the pertinent documents that I demanded for my defense and filed with the office of the clerk of the court within the time specified above, wherefore, I pray for a summary dismissal of this action and enter judgment against you for the relief demanded in your summons of complaints/petition.

8. It is my sincere hope that the "court is "in fact "a court of justice" and not just another disguised institution of professional and racial favoritism. Have a nice day. See you in court.

Respectfully submitted,

Nkuma Uche.

**Fraud Search**

SAFESCANNED: this inquiry has gone through the SAFESCAN data base. No fraudulent activity was found.

BQ1

**Credit Score Information**

| | Repository | Brand | Type | | | |
|---|---|---|---|---|---|---|
| | Experian | Fair Isaac | FICO | 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 | UCHE, NKUMA | BX1 |

38 - Serious delinquency and public record or collection
10 - Ratio of balance to limit on bank revolving or other rev accts too high
18 - Number of accounts with delinquency
20 - Time since derogatory public record or collection is too short

| | Repository | Brand | Type | | | |
|---|---|---|---|---|---|---|
| | TransUnion | Empirica | FICO | 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 | UCHE, NKUMA | BU1 |

038 - Serious delinquency, and public record or collection filed
010 - Proportion of balances to credit limits is too high on bank revolving or other revolving accounts
018 - Number of accounts with delinquency
002 - Level of delinquency on accounts

| | Brand | Type | | | |
|---|---|---|---|---|---|
| Equifax | BEACON 5 | FICO | 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 | UCHE, NKUMA | BQ1 |

38 - Serious delinquency, and derogatory public record or collection filed
18 - Number of accounts with delinquency
13 - Time since delinquency is too recent or unknown
20 - Length of time since derogatory public record or collection is too short

**Public Records**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | : UCHE NKUMA | | | |

**Credit History**        Payment | Balance

| | Opened | Reported | High balance | Reviewed | 30 1 | 60 0 | 90+ 0 | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | Last active | *BU1 *BQ1 [Auth user] | High limit | Revolv (R1) Credit card | | | | -0- | | |

| | Opened 03/08 | Reported 10/08 | High balance 2,617 | Reviewed — | 30 0 | 60 0 | 90+ 0 | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| ZENITH ACQUISITION 1003566084 | Last active 09/08 | *BX1 *BU1 *BQ1 [Ind] | High limit 2,617 | Install (I9) Unknown | | | | 2,711 | Collection 10/08 | 2,711 |
| | Capital One Bank Usa Na; CAPITAL ONE BANK USA NA; Placed for collection; Unpaid | | | | | | | | | |

| | Opened | Reported | High balance | Reviewed — | | | | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | High limit | Revolv (R9) Credit card | | | | | | |
| | Profit and loss writeoff | | | | | | | | | |

| | Opened | Reported | High balance | Reviewed — | | | | Pastdue | Payment | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | *BX1 *BQ1 [Ind] | | | | | | | | |
| | Account closed by consumer; Account closed at consumers request | | | | | | | | | |

| | Opened | Reported | High balance | Reviewed | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA

NORTH STAR CAPITAL ACQUISITION LLC, )       DOC.  CI08-511
                                    )
                Plaintiff,          )
                                    )
vs.                                 )          **NOTICE OF SERVING**
                                    )          **INTERROGATORIES**
NKUMA UCHE,                         )
                                    )
                Defendant.          )

COMES NOW the Plaintiff and hereby certifies that it did mail by regular U.S. Mail, postage prepaid original Interrogatories to the Defendant at his/her last known place of residence or to Defendant's attorney of record.

DATED:   October 8, 2008

                              NORTH STAR CAPITAL ACQUISITION LLC,
                              Plaintiff

                              **SERVICE COPY**
                              **ORIGINAL SIGNED**

                              By_____
                                 Kirk E. Brumbaugh, 16805
                                 Mark Quandahl, 18634
                                 Karl von Oldenburg, 20228
                                 Sara Miller, 21303
                                 Cory Rooney, 23113
                                 BRUMBAUGH & QUANDAHL, P.C., L.L.O.
                                 4885 S. 118th Street, Suite 100
                                 Omaha, Nebraska  68137
                                 (402) 554-4400
                                 ITS ATTORNEYS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing was served by regular U.S. mail, postage prepaid, on the following parties:

Nkuma Uche
309 N 6th Ave
Hastings, Nebraska  68901            **SERVICE COPY**
                                     **ORIGINAL SIGNED**

**IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA**

| | |
|---|---|
| NORTH STAR CAPITAL ACQUISITION LLC,) | DOC. CI08-511 |
| Plaintiff, | |
| vs. | NOTICE OF SERVING REQUEST FOR ADMISSIONS |
| NKUMA UCHE, | |
| Defendant. | |

COMES NOW the Plaintiff and hereby certifies that it did mail by regular U.S. Mail, postage prepaid original Request for Admissions to the Defendant at his/her last known place of residence or to Defendant's attorney of record.

DATED:    October 8, 2008

NORTH STAR CAPITAL ACQUISITION LLC, Plaintiff

By_____ **SERVICE COPY**
Kirk E. Brumbaugh, **ORIGINAL SIGNED**
Mark Quandahl, 18634
Karl von Oldenburg, 20228
Sara Miller, 21303
Cory Rooney, 23113
BRUMBAUGH & QUANDAHL, P.C., L.L.O.
4885 S. 118th Street, Suite 100
Omaha, Nebraska   68137
(402) 554-4400
ITS ATTORNEYS

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the above and foregoing was served by regular U.S. mail, postage prepaid, on the following parties:

Nkuma Uche
309 N 6th Ave
Hastings, Nebraska   68901

**SERVICE COPY**
**ORIGINAL SIGNED**

**IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA**

NORTH STAR CAPITAL ACQUISITION LLC, )           DOC.   CI08-511
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )           INTERROGATORIES
                                    )
NKUMA UCHE,                         )
                                    )
                    Defendant.      )

TO:   DEFENDANT

**YOU ARE HEREBY NOTIFIED** that you are required, pursuant to Rule 33 of the Nebraska Rules of Discovery, to answer under oath the following Interrogatories within thirty (30) days after service thereof.

Interrogatories shall be answered separately and fully in writing, under oath, and shall contain the full knowledge of Defendant and that which is available through its representatives to its attorney, and shall be deemed to be continuing in nature so that as soon as possible prior to the trial of this case, the names and addresses of all additional persons and other information requested in the Interrogatories shall be supplied to Plaintiff's attorney. Plaintiff's Request for Admissions filed herein are made part hereof by this reference as if fully set forth herein.

## INTERROGATORIES

INTERROGATORY NO. 1:   State your full name.

RESPONSE:

INTERROGATORY NO. 2:   What is the address of your place of residence?

RESPONSE:

INTERROGATORY NO. 3:   Please state the name and address of any and all financial institutions, banks, credit unions, or delayed-deposit services utilized or patronized in the past five years by the Defendant, including, but not limited to institutions holding checking, savings, money market or certificate of deposit accounts on behalf of the Defendant.

RESPONSE:

INTERROGATORY NO. 4:   Did you make any payments to the Plaintiff's Assignor CAPITAL ONE?

RESPONSE:

INTERROGATORY NO. 5:   If so, as to each payment state:

a.   The date;
b.   The amount;
c.   Manner of payment; i.e. check, money order, cash, etc.;
d.   Whether you have a receipt thereof;
e.   Will you attach a true copy of same to your answers herein without the necessity of a motion to produce?

RESPONSE:

INTERROGATORY NO. 6:   If you deny owing the balance Plaintiff claims due from you in its Complaint, please state:

a.   Your basis of denial;

b.   The amount you admit owing to Plaintiff and the calculation you have used.

RESPONSE:

INTERROGATORY NO. 7:   Did you respond in the negative to any part or portion of Plaintiff's Request for admissions herein?   If so, as to each negative response, set forth fully each and every fact on which you rely in support of your response based on your personal knowledge and experience the above matter and all records that you have material thereto.

DATED:   October 8, 2008

> NORTH STAR CAPITAL ACQUISITION LLC, Plaintiff
>
> **SERVICE COPY**
> **ORIGINAL SIGNED**
>
> By_____
> Kirk E. Brumbaugh, 16805
> Mark Quandahl, 18634
> Karl von Oldenburg, 20228
> Sara Miller, 21303
> Cory Rooney, 23113
> BRUMBAUGH & QUANDAHL, P.C., L.L.O.
> 4885 S. 118th Street, Suite 100
> Omaha, Nebraska   68137
> (402) 554-4400
> ITS ATTORNEYS

**FEDERAL DISCLOSURE**

This is an attempt to collect a debt.   Any information obtained will be used for that purpose.
d20.frm

**IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA**

NORTH STAR CAPITAL ACQUISITION LLC,)        DOC.  CI08-511
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )        **REQUEST FOR ADMISSIONS**
                                    )
NKUMA UCHE,                         )
                                    )
                    Defendant.      )

TO:  DEFENDANT

COMES NOW the Plaintiff and propounds the following Request for Admissions upon the Defendant pursuant to the Nebraska Revised Statutes.  Written, sworn answers must be filed by Defendant(s) within thirty days of the services hereof, or the facts, the truth of which is requested, shall be deemed admitted.  ADMIT OR DENY:

REQUEST NO. 1: Plaintiff is a corporation.

RESPONSE:

REQUEST NO. 2: Defendant  is  resident  of  ADAMS  County, Nebraska.

RESPONSE:

REQUEST NO. 3: That Defendant entered into a contract under the terms of which a credit card was issued to Defendant by Plaintiff's Assignor, CAPITAL ONE, and that Defendant was extended Credit by Plaintiff's Assignor.

RESPONSE:

REQUEST NO. 4: That Defendant did purchase goods and/or services on credit granted by the Plaintiff's Assignor.

RESPONSE:

REQUEST NO. 5: That Defendant did obtain cash advances on credit granted by the Plaintiff's Assignor.

RESPONSE:

REQUEST NO. 6: That there is a balance of $2,768.73, past due

and owing to the Plaintiff representing both the charges and/or advances made by Defendant against the Credit granted by the Plaintiff and other charges and fees as allowed by the contract.

RESPONSE:

REQUEST NO. 7: That Plaintiff is entitled to accruing interest at the rate of 21.140% ($.88 per diem).

REQUEST NO. 8: That due demand has been made by the Plaintiff's Assignor and by Plaintiff upon the Defendant more than ninety days (90) prior to the filing of Plaintiff's original Complaint.

RESPONSE:

REQUEST NO. 9: That the Defendant is not a member of the Armed Forces of the United States or its Allies.

RESPONSE:

REQUEST NO. 10. That the Defendant has no affirmative defenses to Plaintiff's Complaint.

RESPONSE:

REQUEST NO. 11. That Defendant admits all allegations contained in Plaintiff's Complaint.

RESPONSE:

DATED: October 8, 2008

NORTH STAR CAPITAL ACQUISITION LLC,
Plaintiff                        **SERVICE COPY**

By_____    **ORIGINAL SIGNED**
Kirk E. Brumbaugh, 16805
Mark Quandahl, 18634
Karl von Oldenburg, 20228
Sara Miller, 21303
Cory Rooney, 23113
BRUMBAUGH & QUANDAHL, P.C., L.L.O.
4885 S. 118th Street, Suite 100
Omaha, Nebraska 68137
(402) 554-4400
ITS ATTORNEYS

## FEDERAL DISCLOSURE

This is an attempt to collect a debt.   Any information obtained
will be used for that purpose.

**IN THE DISTRICT COURT OF ADAMS COUNTY NEBRASKA**

J

North Star Acquisition LLC

**Plaintiff**

Vs                                          **October 16, 2008.**

Nkuma Uche

**Defendant**

I hereby certifies that I did mail by certified US mail original debt collection dispute letter to the plaintiff attorney on record. **(copies attached)**

Dear Mark Quandahl:

I am writing in response to, and in acknowledgement for the third time of your letter dated (a) June 11,2008 (b) Your summons of complaint filed in the Adam county court on August 24,2004 and (c) your notice of serving interrogatories dated October 8,2008 respectively.

I am sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA), and I have consistently requested the verification and validation of this debt. I requested proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation which is binding on me to pay this debt.

I am requesting that you stop contacting me on the telephone and restrict your contact with me to writing and only when you can provide adequate validation of this alleged debt.

- As lawyer/s you should have every reason to know what constitutes legal validation of debt. But if you are suffering from temporary amnesia or mental confusion and had forgotten, therefore, I wish to refresh your memory once again on what constitutes legal validation.
- **I am giving a list of satisfactory and sufficient documentation:**
- **Complete payment history starting with the original creditor, the requirement of which has been established**

via Spears v Brennan 745 N.E.2d 862; 2001 Ind. App.
LEXIS 509.

- Agreement that bears my signature of the alleged debt
  wherein, I agreed to pay the original creditor.
- Letter or contract of sale (assignment) that mentioned the
  debt specifically from the original creditor to your
  company.
- Agreement with your client that grants you the authority
  to collect on this alleged debt.) Coppola v. Arrow Financial
  Services, 302CV577, 2002 WL 32173704(D.Conn., Oct. 29,
  2002) - Information relating to the purchase of a bad debt
  is not proprietary or burdensome.
- The source/s of debt and the balance amount, because of
  the discrepancy in the account balances contained in your
  letters. Fields V Wilber Law firm, Donald's L. Wilber and
  Kenneth Wilber, USCA-02-c-0072, 7th Circuit court
  Sept,2004
- How the fees, interests and other charges were
  calculated.
- Intimate knowledge of the creation of the debt by you, the
  collection agency.
- Proof that your firm owns the debt/or has been assigned
  the debt.
- Copy of the original signed loan agreement or credit card
  application.
- At a minimum, some account statements from the original
  creditor.
- Chain of assignments if debt was purchased from another
  debt buyer.
- Verification and copy of any judgment that might have
  been issued thereon
- Proof that you are licensed to collect debt in the state of
  Nebraska.
- Date of last activity on the account.
- 
- Because I have disputed the debt within 30 days of receipt
  of your dunning notice you must obtained verification of the
  debt or a copy of the judgment against me and mailed
  those items at your expense within 30 days of the receipt
  of this letter.

You can not add interest or fees except those allowed by the
original contract or state law.

You do not have to respond this dispute, but if you do any attempt to collect this debt without validation violates the FDCPA.

I, hope to save both of us a great deal of time by letting you know that, not only did I dispute the validity of this debt, I have also checked  and verified that credit card is considered an Open account in the State of Nebraska and the statute of limitation for enforcing this type of debt through the court has expired.

Therefore should you decide to pursue this matter any further in court I intend to inform the court of my dispute of this debt and that the statute of limitation has expired.

I am sure you know or have a reason to know, under FDCPA Section 809 (b), you are not allowed to pursue collection activity until the debt is validated. **You should be made aware that in TWYLA BOATLEY, Plaintiff, vs. DIEM CORPORATION, No. CIV 03-0762 UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, 2004, the courts ruled that reporting a collection account indeed is considered collection activity.**

I have disputed this debt, therefore until validated you know your information concerning this debt is inaccurate.  Thus if you have already reported this debt to any debt reporting agency (CRA) or credit Bureau (CB) then you must immediately inform them of my dispute with this debt.  Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit reporting Act 1681s-2.

If you have reported me to any credit reporting agency that you inform them that I have placed this debt in dispute and to provide me with proof that you have done so.

You must immediately send a copy of that dispute letter to the company creditor that you say I owe money so they are also aware of my dispute with this debt and to provide me with a proof that you have done so.

You intentionally and willfully by the virtue of your legal profession crossed a line between what is a lawful collection practices and menacing harassment and intimidation. You have

also entangled yourself in a serious legal cobweb that might be difficult for you to disentangle.

My time is very valuable for me. I am very distressed that you consistently harass and intimidate me with all forms of legal papers.

Since you have willfully and intentionally failed to respond to my previous requests pursuant to the FDCPA and FCRA requirements, I assume that you have been unable to validate the debt and therefore I consider this matter closed.

You must also consider this letter your official notification to cease and desist any further collection activities on the alleged debt and I do not intend to correspond with you on this matter again unless you comply with my requests and FDCPA and FCRA requirements.

As of Today, you have failed to provide my requested documents. For your convenience, I have included a copy of my previous letters and a copy of the mail receipts showing that you received my letters of June 25,2008 and August 27,2008 respectively.

I must remind you that I am recording all phone calls and keeping all correspondence concerning this matter. Be advised that I will not hesitate to report violations of the law to my Attorney General, the Federal Trade Commission and the National Better Business Bureau.

Be advised that I intend to file a separate law suit against you on the basis of violating numerous Fair Debt Collection Practices Act (FDCPA) by setting forth a recognizable cause of action upon which relief may be granted. While I prefer not to litigate, but I will not hesitate to use the courts as needed to enforce my rights under the FDCPA.

Sincerely,

**Nkuma Uche, MA, MsEd, BS**
309 North 6th Avenue

Hastings NE 68901

#B::

## IN THE DISTRICT COURT OF ADAMS COUNTY, NEBRASKA

K

Nkuma Uche

Defendant

Vs. North Star Acquisition LLC

Plaintiff

## MOTION FOR DEMAND FOR INSPECTION OF DOCUMENTS.

Pursuant to code of civil procedure section 2031, defendant, Nkuma Uche, demand the plaintiff to produce and permit inspection and copy of the documents described below within 30 days of service of this motion at 309 N. 6th Avenue Hastings NE 68901, and filed with the clerk of the county court. .

- **The documents to be produced are as follows:**
- **Complete payment history starting with the original creditor, the requirement of which has been established via Spears v Brennan 745 N.E.2d 862; 2001 Ind. App. LEXIS 509.**
- **Agreement that bears my signature of the alleged debt wherein, I agreed to pay the original creditor.**
- **Letter or contract of sale (assignment) that mentioned the debt specifically from the original creditor to your company.**
- **Agreement with your client that grants you the authority to collect on this alleged debt.) Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704(D.Conn., Oct. 29, 2002) - Information relating to the purchase of a bad debt is not proprietary or burdensome.**
- **The source/s of debt and the balance amount, because of the discrepancy and inconsistencies in the account balances contained in your letters. Fields V Wilber Law firm, Donald's L. Wilber and Kenneth Wilber, USCA-02-c-0072, 7th Circuit court Sept,2004**
- **How the fees, interests and other charges were calculated.**
- **Intimate knowledge of the creation of the debt by you, the debt collector.**
- **Proof that your firm owns the debt/or has been assigned the debt.**

- **Copy of the original signed loan agreement or credit card application.**
- **At a minimum, some account statements from the original creditor.**
- **Chain of assignments if debt was purchased from another debt buyer.**
- **Verification and copy of any judgment that might have been issued thereon**
- **Proof that you are licensed to collect debt in the state of Nebraska.**
- **Date of last activity on the account.**
- 
- Because I have disputed the debt within 30 days of receipt of plaintiffs' dunning notice, plaintiff must obtained verification of the debt or a copy of the judgment against me and mailed those items at their expense within 30 days of the receipt of this motion.

**<u>Wherefore, if plaintiff failed to produce all the above mentioned documents or failed to demonstrate sufficient and satisfactory proof of verification and validation of the alleged debt and filed with the clerk of the court within 30 days of the service of this motion , defendant, assume that plaintiff is unable to validate the debt and therefore,  pray for the court to dismiss this case against plaintiff in violation of FDCPA rules.</u>**

Respectfully submitted

Nkuma Uche

## IN THE DISTRICT COURT OF ADMS COUNTY, NEBRASKA

FILED

NORTH STAR CAPITAL ACQUSITION LLC

**Plaintiff**

**DOC. C108-511**

Vs.

'08   OCT 31   P 4 :45

ADAMS COUNTY
CLERK OF DIST. COURT

Nkuma Uche

**INTERROGATORIES**

**Defendant**

### TO: PLAINTIFF

**YOU ARE HEREBY NOTIFIED** that you are required, pursuant to rule 33 of the Nebraska rules of discovery, to answer under oath the following interrogatories within 30 days of service thereof.

Interrogatories shall be answered separately and fully in writing, under oath and shall contain the full knowledge of plaintiff and that which is available through its representatives to its attorney and shall be deemed to be continuing in nature so that as soon a possible prior to trial of this case the names and addresses of all additional persons and other information requested in the interrogatories shall be supplied to defendant. Defendant request for admissions filed herein are made part hereof by this reference as if fully set forth herein.

### INTERROGATORIES

**INTERROGATORY NO.1:** State your full name.

Response:

INTERROGATORY NO. 2: What is the address of your place of business.

Response:

INTERROGATORY NO. 3: Describe the nature of your business.

Response:

INTERROGTORY NO. 4: Please state the full name and address of any and all the financial institutions, banks or creditors that are connected to this debt and describe the manner and nature their of connection to this debt collection.

Response:
INTEEROGATORY NO.5:  Do you own this debt.

Response:

INTERROGATORY NO. 6: Do you have intimate knowledge of the creation of this debt.

Response:

INTERROGATORY NO.7 : Did you send a dunning collection notice to the defendant.

Response:

INTERROGATORY NO. 8:  What was your purpose of sending the dunning notice to the defendant.

Response:

INTERROGATORY NO. 9: Did you receive defendant response to your dunning notice within 30 days of service.

Response:

INTERROGATORY NO. 10: Did defendant dispute the validity of the debt or any portion thereof in the response to what you received.

Response:

INTERROGATORY NO. 11:  Did defendant request that you provide him with certain documents to validate the debt.

Response:

INTERROGATORY NO 12: Did you respond to defendants disputed letter within 30 days of service.

Response:

INTEEROGATORY .NO.13: In your response did you provide the defendant with the requested documents to validate  the debt

Response:

INTERROGATORY NO. 14: Please list all the documents that you provided to

defendant to validate the debt.

Response:

If you did not provide the defendant with the requested documents, please cite any provisions of the FDCPA that authorized you not to respond to defendant's requests.

Response:

INTERROGATORY. NO.15:  Please cite any provisions that requires only the defendant has to respond to plaintiff's demands and not plaintiff responding to defendants demands.

Response:

INTERROGATORY NO.16: Are you aware of or familiar with the provisions of the Fair Debt Collection Practices Act (FDCPA)

Response:

INTERROGATORY NO.17: Did you file a summons of complaint against the defendant in the district court of Adams county.

Response:

INTERROGATORY. NO 18: Prior to filing the summons of complaint against defendant did you satisfy the verification and validation of debt requirement before filing the summons of complaint.

Response:

INTERROGATORY NO. 19: If you had comply with the verification and validation requirements, please explain what you did to comply with these requirements. If you did not comply with these requirements, please explain why you failed to do so.

Response:

INTERROGATORY. NO 20: Are you aware of any FDCPA provisions or rules that  requires you to file a law suit on disputed debt before verification and validation of the alleged debt.

Response:

INTEEROGATORY NO. 21: Are you aware of any FDCPA rule s that authorizes you to verify and validate a disputed debt after you have filed a law suit in the courts.
Response:

INTERROGATORY NO. 22: For interrogatories 20 and 21, please cite the FDCPA rules.

Response:

INTEEROGATORY. NO 23: Did you purchase this debt from the original creditor.

Response.

INTERROGATORY NO. 24: If you purchased this debt, were you issued with a letter of sale contract (assignment) that mention the debt specifically from the original creditor.

Response:

INTERROGATORY NO. 25: If the alleged debt was purchased from another debt buyer, do you have the chain of assignments starting with the original creditor.

Response:

INTERROGATORY NO.26: Are you representing North Star Capital Acquisition.

Response:

INTERROGATORY. NO 27: Do you sign any agreement that grant you the authority to collect on the alleged debt.

Response:

INTERROGATORY. NO. 28: In your answers to Interrogatories 23,24,25,26 and ,27, will attach a true copy of the agreements herein without the necessity of a motion to produce.

Response

INTERROGATORY NO.29: Did you have the sale contracts and agreements at the time the defendant requested the documents to validate the debt.

Response:

**INTERROGATORY NO. 30:** Were you granted the authority to collect the alleged debt before or after you filed your summons of complaint against defendant.

Response:

**INTERROGATORY NO. 32:** Did your letter dated June 11,2008 state the Principal amount on the debt account to be $1,515.88.

Response:

**INTERROGATAOY. NO.33:** Did you know the source/s of the debt, the account balance, how the fees, interests and other charges were calculated.

Response:

**INTERROGATORY NO.34:** Did your letter dated June 30,2008 state the amount due on the account is $2,703.77.

Response:

**INTEEROGATORY NO.35:** Do you the sources of this debt, how the interests fees and other charges were calculated.

Response:

**INTERROGATOY NO.36:** Did your summons of complaint dated July 4, 2008 state the amount of the debt to be $2,719.59 with the interest rate at 21.140% ($.88 per diem).

Response:

**INTERROGATORY NO.37:** Do you the sources of this debt, and how the interest was originated.

**INTERROGATORY NO. 38:** To the best of your knowledge were any judgment enter against defendant in connection with the alleged debt.

Response:

INTERROGATORY NO 39: Did you enter the judgment and do have a copy of the judgment against defendant in connection with the alleged debt.

**INTERROGATORY NO 40:** Do have a copy of the original signed loan or credit card application from the original creditor.

Response:

INTERROGATORY NO.41: Is there any agreement the bears the defendants signature of the alleged debt, wherein he agrees to pay the alleged debt.

Response;

INTERROGATORY NO 42: Did you obtain the copy of verification and judgment against defendants in connection with the alleged debt.

INTERROGATOY NO 43: Did you provide a copy of the verification and judgment to the defendant.  If so when and If not why?

Response:

INTERROGATORY NO 44: Are you aware that under FDCPA section 809(b) you are not allowed to pursue collection activity until a disputed debt is validated

Response:

INTERROGATORY NO. 45: Did you report this disputed debt to the credit bureau. If so when.

Response

INTERROGTORY .NO 46:  If you did not report this debt to the credit bureau. Why not

Response:

INTERROGATORY NO 47: Do you know that it is a violation of FDCPA to continue to pursue collection activity or file for a judgment if the debt is not validated.

Response:

INTERROGATORY NO 48: Did you serve the defendant a notice of serving interrogatories.

INTERROGATORY NO. 49: What is the purpose of serving the defendant a notice of Interrogatories when you did not validate the debt.

Response:

INTERROGATORY NO 50: Did you provide the defendant the verification and validation of the alleged debt prior to serving the notice of serving Interrogatories.

Response;

INNERROGATORY NO 51: Did you receive a cease and desist letter from defendant.

Response:

INTERROGATORY NO 52: Did you continue to pursue collection activity after you receive defendant's cease and desist letter.

Response:

INTERROGATORY NO. 53 If you did not continue to pursue collection activity on the alleged debt. Why not?

Response:

INTERROGATORY NO 54: To the best of your knowledge have you demonstrated sufficient and satisfactory verification and validation of the alleged debt under FDCPA rules.

Response:

INTERROGATOTY NO 55: If you have demonstrated sufficient verification and validation of the debt, please explain how. If you have not explain why?

Response.

INTERROGATORY NO.56: Did u respond in the negative to any part of or portion of defendants requests for admission herein? If so as to each negative response, set forth fully each and every fact on which you rely in support of your response based on your personal knowledge and experience the above matter and all records that you have material thereto:

Dated: October 20, 2008.

Nkuma Uche
309 North 6th Avenue
Hastings NE, 68901

## NOTICE OF ACTION TAKEN

09-060902

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers compliance with this law concerning this creditor is:

**Office of Thrift Supervision, Consumer Response Unit**
**1700 G Street NW WASHINGTON, DC 20552**

Date: **03/17/09**

Nkuma Uche
309 N. 6th Avenue
Hastings, NE 68901

TierOne Bank
1235 'N' Street
Lincoln, NE 68508

# M1

Dear **Nkuma Uche**

Thank you for your Application for **Mortgage Loan Application**

Based upon your Application we must inform you that:

[ ] We are unable to make a decision on your Application because it is missing the following information:

_____

Please furnish this information to us on or before _____ at the address listed above or we will be unable to give further consideration to your credit request.

[ ] We are unable to offer you credit on the terms that you requested, but can offer you credit on the following terms:

_____

If this offer is acceptable to you, please notify us on or before _____ at the address listed above.

[ ] If checked, our principal reasons for denying your original request are indicated below.

[X] We are regrettably unable to approve your request. Our principal reasons for this decision are indicated below.

Where applicable, the following are our principal reasons for taking adverse action:

| | | |
|---|---|---|
| [ ] Credit Application Incomplete | [ ] Excessive Obligations in Relation to Income | [X] Delinquent Past/Present Credit Obligations w/Others |
| [ ] Insufficient Number of Credit References Provided | [ ] Unable to Verify Income | [X] Collection Action or Judgment |
| [ ] Unacceptable Type of Credit References Provided | [ ] Length of Residence | [ ] Garnishment or Attachment |
| [ ] Unable to Verify Credit References | [ ] Temporary Residence | [ ] Foreclosure Repossession |
| [ ] Temporary or Irregular Employment | [ ] Unable to Verify Residence | [ ] Bankruptcy |
| [ ] Unable to Verify Employment | [ ] No Credit File | [ ] Number of Inquiries on Credit Bureau Report |
| [ ] Length of Employment | [ ] Limited Credit Experience | [ ] Value or Type of Collateral not Sufficient |
| [ ] Income Insufficient for Amount of Credit Requested | [ ] Poor Credit Performance with Us | |

[X] Other, specify: **FICO score does not meet minimum requirement.**

If you have any questions regarding this notice, you should contact:

Creditor's Name: **TierOne Bank**
Creditor's Address: **1235 'N' Street**
**Lincoln, NE 68508**
Creditor's Telephone Number: **402-475-0521**

**DISCLOSURE OF USE OF INFORMATION OBTAINED FROM AN OUTSIDE SOURCE:**

[X] Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: **Credit Information Systems-Midwest**   Telephone Number: **(800) 782-9094**
Address: **225 S MAIN ST**   or
**COUNCIL BLUFFS, IA 51501**   Toll Free Number: _____

[X] Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

You have the right to a copy of the appraisal report used in connection with your application for credit. If you wish a copy, please write to us at the mailing address we have provided. We must hear from you no later than 90 days after we notify you about the action taken on your credit application or you withdraw your application.

09-060902

# NOTICE OF ACTION TAKEN

**TO: Nkuma Uche**
**309 N 6ᵗʰ Ave**
**Hastings, NE 68901**

Date of Notice

09/13/2007

Date of Application

09/12/2007

**FROM:**
**Five Points Bank of Hastings**
**2815 Osborne Drive West**
**Hastings, NE 68901**
**402-462-2228**

# M2

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is:
Federal Reserve Bank of Kansas City, 925 Grand Avenue, Kansas City, Missouri 64198

Dear: Nkuma

Thank you for your application for: An auto loan

BASED UPON YOUR APPLICATION WE MUST INFORM YOU THAT:
☐ We are unable to make a decision on your application because it is missing the following information:

Please furnish this information to us on or before _____ at the address listed above or we will be unable to give your application further consideration.

☐ We are unable to approve your request on the terms that you requested, but we can offer you: _____

If this offer is acceptable to you, please notify us on or before _____ at the address listed above. If you would like a statement of specific reasons why your application was denied, please contact us at the address shown above within 60 days of the date of this letter. We will provide you with a statement of the specific reasons for our action within 30 days after receiving your request.

x We cannot approve your request. If you would like a statement of specific reasons why your application was denied, please contact us at the address shown above within 60 days of the date of this letter. We will provide you with a statement of the specific reasons for our action within 30 days after receiving your request.

If you have any questions regarding this notice, you may contact us at the address or phone number provided above.

DISCLOSURE OF USE OF INFORMATION OBTAINED FROM AN OUTSIDE SOURCE:
☐ Our credit decision was based in whole or in part on information obtained from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request no later than 60 days after you receive this notice for disclosure of the nature of this information.
x Our decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. However, the reporting agency did not make the decision and is unable to supply you with specific reasons for why we have denied your request. You have a right under the Fair Credit Reporting Act to know this information contained in your file at the consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to obtain a free copy of this report if you submit a written request to the agency named below no later than 60 days after you receive this notice. Under the Fair Credit Reporting Act, you also have the right to dispute with the consumer reporting agency the accuracy or completeness of any information in this report.
Name: Credit Bureau of Hastings, Inc.                        Telephone: (402)-463-7910

Address: 806 W 2ⁿᵈ Hastings, NE 68901

☐ NOTICE OF RIGHT TO RECEIVE COPY OF APPRAISAL:
You have the right to a copy of the appraisal report used in connection with your application for credit. If you wish a copy, please write to us at the mailing address we have provided. We must hear from you no later than 90 days after we notify you about the action taken on your credit application or you withdraw your application.
In your letter, give us the following information: Loan or application number, if known, date of application, name(s) of loan applicant(s), property address, and your current mailing address.

**LAW OFFICES**

**BRUMBAUGH & QUANDAHL P.C., LLO**

**4885 SOUTH 118TH ST., SUITE 100**

**OMAHA, NEBRASKA 68137**

**TELEPHONE (402) 554-4400**

**FACSIMILE (402) 554-0339**

March 13, 2009

Nkuma Uche
c/o Nkuma Uche
309 N 6th Ave
Hastings NE 68901-5525

# N

RE: North Star Capital Acquisition Llc  account
Account No.  5291071729337962
Principal Amount:  $1,515.88
Our File No. 08-16901

Dear Nkuma Uche:

      This office represents North Star Capital Acquisition Llc  in the matter identified above.  Please contact this office to discuss the account.  You may speak with my legal assistant at 1-888-881-1151.

      This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This letter is a communication from a debt collector.

                  Sincerely,
                  BRUMBAUGH & QUANDAHL, P.C.

                  KIRK E. BRUMBAUGH
                  MARK C. QUANDAHL
                  KARL VON OLDENBURG
                  SARA MILLER
                  CORY ROONEY

## NOTICE REQUIRED BY FEDERAL LAW

1.    Unless, within 30 days after receipt of this letter you dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.

2.    If you notify us in writing, within 30 days after receipt of this letter that the debt, or any portion thereof, is disputed, we will obtain and mail to you verification of the debt or a copy of any judgment that might have been issued thereon.

3.    If you request of us in writing, within the 30 days after receipt of our letter and notice, we will provide to you the  name and address of the original creditor, if different from the current creditor.

101.frm JD1

