## UNITED STATES DISTRICT COURT OF , NEBRASKA

NKUMA UCHE

**Plaintiff, pro se**

JULY 2, 2009

CASE NO: 4: 09cv3106

Vs.

ADDITIONAL INTERROGATORIES

North Star Capital Acquisition

Kirk E. Brumbaugh

Mark Quandhl

Karl Von Oldenberg

Sara Miller

Cory Rooney

**Defendants**

**TO: DEFENDANTs:**

**YOU ARE HEREBY NOTIFIED,** that you have the rights and are required, pursuant to rule 33 of the Nebraska rules of discovery, to answer under oath the following interrogatories within 30 days of service thereof.

Interrogatories shall be answered separately and fully in writing, under oath and shall contain the full knowledge of defendant and that which is available through its representatives to its attorney and shall be deemed to be continuing in nature so that as soon as possible prior to trial of this case the names and addresses of all additional persons and other information requested in the interrogatories shall be supplied to plaintiff. Plaintiff request for admissions filed herein are made part hereof by this reference as if fully set forth herein.

**INTERROGATORIES NO.1:** Is Scott Mckiney presently employed with the Law Firm of Brumbaugh & Quandahl?

Response:

INTERROGATORIES NO. 2: How long has he been an employee and in what capacity?

Response:

INTERROGATORIES NO. 3: Prior to holding that position, what other positions did he hold?

Response:

INTERROGATORIES NO. 4: In the present position that he holds was there any required special training for that position? Did he undergo such training? If so how well did do on the training?

Response:

INTERROGATORIES NO. 5: In the present position that he holds does he supervise any individuals. If so how many individuals does he supervise?

Response:

INTERROGATORIES NO. 6: In the present position that he holds, if he does not supervise any individual/s is he being supervised by any person? If so by whom is he being supervised?

Response:

INTERROGATORIES NO. 7: Could you describe as far as supervising is concerned, were there any reporting requirements, rules or regulations governing reporting to him or reporting to someone else?

Response:

INTERROGATORIES NO 8: Were any of these requirements in effect on May 26, 2009 when the summons of complaints that was accepted by him on behalf of the defendants were served?

Response:

**INTERROGATORIES NO.9: On May 26, 2009 when the summons of complaints were being served, will it be fair to say that he was physically present at 4885 South 118th Street, Suite 100, Omaha, NE 68137 to stamped, signed and accepted the summons of complaints on behalf of the defendants who were all absent at the time?**

Response:

**INTERROGATORIES NO. 10: On May 26, 2009 when he stamped, signed and accepted the summons of complaints on behalf of the defendants who were not all present was he acting within the scope of his employment with Brumbaugh & Quandahl?**

Response:

INTERROGATORIES NO.11: On May 26, 2009 when the summons of complaint was served, if Mr. Mckiney was not acting within the scope of his employment, and was not designated to accept service on behalf of the absentee defendants, has he been charged for insubordination, disciplined, reprimanded, or discharged from his employment for performing an unauthorized duties?

Response:

INTERROGATORIES NO. 12: If Mr. Mckiney has not been reprimanded or discharged for performing an unauthorized and undesignated duties on behalf of Brumbaugh & Quandahl employees has he been relegated from performing such duties? If so when?

Response:

**INTERROGTORIES NO. 13: If the record have shown that Mr. Mckiney has stamped, signed and accepted approximately twenty-two Certified US Mails addressed to Brumbaugh & Quandahl employees at 4885 S. 118th Street Suit 100, Omaha, NE 68137 since the commencement of the alleged debt collection legal actions that started in July 24, 2008, would it be fair to say that the theory of defendants that they were all absent and no one was designated to accept the service on their behalf was baseless, unfounded, unmeritorious, and the weakest defense of someone running of fumes?**

**Response**

**INTERROGATORIES. NO 14:** If the record have shown that Mr. Mckiney has stamped, signed and accepted approximately twenty-two Certified US Mails addressed to Brumbaugh & Quandahl employees at 4885 S. 118th Street Suit 100, Omaha, NE 68137 since the commencement of the alleged debt collection legal actions that started in July 24, 2008, what will be the reason for him not to be designated to accept the service of summon of complaints on behalf of the absentee defendants?

Response:

*Nkuma Uche*

Nkuma Uche

309 North 6th Avenue

Hastings, NE 68901

## IN THE DISTRICT COURT OF NEBRASKA LINCOLN

NKUMA UCHE                                JULY 2, 2009

**Plaintiff**                             CASE NO: 4: 09CV3106

    V                                 **REQUEST FOR ADMISSIONS**

NORTH STAR CAPITAL ACQUISITION

KIRK E. BRUMBAUGH

MARK QUANDAHL

KARL VON OLDENBERG

SARA MILLER

CORY ROONEY

**Defendants**

**TO: DEFENDANT**

**According to rule 36 of the Nebraska Discovery Rules for All Civil Cases, promulgated by the Nebraska Supreme Court:**

a. You have the rights within thirty days from the date you were served this request to serve written answers or objection on the plaintiff, Nkuma Uche.

b. You may admit part and deny part of an allegation.

c. If you cannot truthfully admit or deny an allegation, you must provide an explanation of why you cannot.

e. If you do not answer or object to a request for admission, that matter will be deemed admitted.

c. The defendant(s) or the attorney for the defendant(s) must sign the answers or objections.

Please you have the rights to admit or deny the followings:

1. Defendants admitted that Scott Mckiney is presently employed with the Brumbaugh & Quandahl Law firm?

Response:

2. Defendants admitted that on May 26, 2009 that all the defendants were present, but Mr. Mckiney was absent and did not stamp, signed and accepted the service of complaint on behalf of the defendants.

Response:

**3. Defendants admitted that on May 26, 2009 that Mr. Mckiney was designated and physically present at 4885 South 118th Street, Suite 100, Omaha, NE 68137 to sign, stamped and accepted the service of complaints on behalf of defendants who were all absents.**

Response:

4. Defendants admitted that when Mr. Mckiney stamped, signed and accepted the service of complaints on behalf of the defendant who were not present that he was acting within the scope of his employment with Brumbaugh & Quandahl.

Response:

5. Defendants denied that when Mr. Mckiney did not stamp, sign and accepted the service of complaints on behalf of the defendant who were not present that he was not acting within the scope of his employment with Brumbaugh & Quandahl.

Response:

6. Defendants admitted that Mr. Mckiney has been reprimanded or discharged from his employment with Bumbaugh & Quandahl for performing an unauthorized and undesignated duties on behalf of absentee Brumbaugh & Quandahl employees for, signing and accepting the service of complaints.

Response:

7. Defendants admitted that if **the record shows that Mr. Mckiney has stamped, signed and accepted approximately twenty-two Certified US Mails addressed to Brumbaugh & Quandahl employees at 4885 S. 118th Street Suit 100, Omaha, NE 68137 since the commencement of the alleged debt collection legal actions that started in July 24, 2008, would it be fair to say that their theory that they were all absent and no one was designated to accept the service on their behaif was baseless, unfounded, unmeritorious, and the weakest defense of someone running on fumes?**

Response.

8. Defendants denied that if **the records have shown that Mr. Mckiney has stamped, signed and accepted approximately twenty-two Certified US Mails addressed to Brumbaugh & Quandahl employees at 4885 S. 118th Street Suit 100, Omaha, NE 68137 since the commencement of the alleged debt collection legal actions that started in July 24, 2008, would it not be fair to say that their theory that they were all absent and no one was designated to accept the service on their behalf was baseless, unfounded, unmeritorious, and the weakest defense of someone running on fumes?**

9. Defendants admitted that as far as supervising is concerned, there were no reporting requirements, rules or regulations governing Mr. Mckiney's reporting to someone else and none of these requirements were in effect on May 26, 2009 when the summons of complaints that was accepted by him on behalf of the defendants were served?

10. Defendants admitted that when the summons of complaints were served, Mr. Mckiney was not acting within the scope of his employment, and was not designated to accept service on behalf of the absentee defendants, has he been charged for insubordination, disciplined, reprimanded, or discharged from his employment for performing an unauthorized duties?

Response:

11. Defendants denied that within the scope of his employment, Mr. Mckiney was only designated to accept all other services on behalf of the absentee defendants except service on summons of complaints.

Response:

Nkuma Uche

309 North 6th Avenue

Hastings, NE 68901

## IN THE DISTRICT COURT NEBRASKA, LINCOLN

Nkuma Uche                                Case NO; 409cv3106

**Plaintiff,**                            JULY 2, 2009
Vs.
Kirk E. Brumbaugh
Mark Quandahl
Karl Von Oldenburg
Sara E. Miller
Cory Rooney
                                          CERTIFICATE OF SERVICE
**Defendants,**

### TO THE CLERK OF COURT:

Please be advised that, I have served a certified copy of the motion for interrogatories and request for admissions to defendants and its attorney by a certified US mail at:

Brumbaugh & Quandahl LLC,
4885 S 118th Street
Suite 100
Omaha NE 68137.

**YOU ARE HEREBY NOTIFIED** that you are required, pursuant to rule 33 of the Nebraska rules of discovery, to answer under oath the following interrogatories within thirty (30) days of service thereof. Failure to answer and serve a copy of your answers to the plaintiff and file with the US District court of Nebraska, judgment will be entered against you in defaults and plaintiff will pray the court for the relief sought with disbursement and costs of this action.
Interrogatories shall be answered separately and fully in writing, under oath and shall contain the full knowledge of defendants and that which is available through its representatives to its attorney and shall be deemed to be continuing in nature so that as soon as possible prior to trial of this case the names and addresses of all additional persons and other information requested in the interrogatories shall be supplied to plaintiff. Plaintiff request for admissions filed herein are made part hereof by this reference as if fully set forth herein

**Plaintiff:**

*/s/ Nkuma Uche*
Nkuma Uche, MA, MsEd, Bs.
309 North 6th Avenue
Hastings NE, 68901.