**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **NKUMA UCHE,** ) | **CASE NO. 4:09CV3106** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **NORTH STAR CAPITAL** ) | |
| **ACQUSITION, LLC, KIRK E.** ) | |
| **BRUMBAUGH, MARK QUANDAHL,** ) | |
| **KARL VON OLDENBURG, SARA** ) | |
| **MILLER, and CORY ROONEY,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Defendants' Motions to Dismiss. (Filing Nos. 12 and 14.) As set forth below, both Motions are denied.

### I.   *BACKGROUND AND SUMMARY OF COMPLAINT*

Plaintiff filed this matter on May 20, 2009. (Filing No. 1.) On that date, the Clerk of the court issued six summonses for Defendants. (*See* Docket Sheet.) Each summons form was directed to a separate Defendant, but all of the forms were addressed to: 4885 South 118th Street, Suite 100, Omaha, NE 68137, which appears to be the law offices of Brumbaugh & Quandahl P.C. (Filing Nos. 6, 7, 8, 9, 10, and 11.) Plaintiff sent the summonses to that address by certified mail. (Filing Nos. 6, 7, 8, 9, 10, and 11.) On June 2, 2009, all of the issued summonses were returned as "executed." (Filing Nos. 6, 7, 8, 9, 10, and 11.) Each certified mail receipt was signed by "Scott McKinley," who is not a Defendant in this matter. (Filing Nos. 6, 7, 8, 9, 10, and 11.)

Defendants thereafter filed their Motions to Dismiss, arguing that this matter should be dismissed due to insufficient service of process. (Filing Nos. 13 and 15.) Plaintiff argues that service was sufficient, but even if service of process was insufficient, this matter should not be dismissed but that he should be given an opportunity to cure the service defect. (Filing Nos. 17 and 18.)

## II.   DEFENDANTS' MOTIONS TO DISMISS

As set forth in Federal Rule of Civil Procedure 4(e):

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  In addition to these three options for service, Nebraska law permits "[c]ertified mail service which shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached." Neb. Rev. Stat. §25-505.01 (2009).

### A.   The Individual Defendants[1]

Here, summonses were timely sent by certified mail to the Individual Defendants' workplace and a non-Defendant employee accepted them.  Defendants argue that they were not personally served by certified mail, and that the individual who signed the certified mail receipts was not designated to accept service of process on their behalf.  However, it is clear that the Individual Defendants received actual notice of the lawsuit, and there is no indication that they have been prejudiced by the manner of service.  In a similar case,

---

[1]The "Individual Defendants" are Kirk E. Brumbaugh, Mark Quandahl, Karl Von Oldenburg, Sara Miller, and Cory Rooney.

this court determined that, where "[t]he service of process on the Defendant complied in all substantial respects with Neb.Rev.Stat. § 25-505.01(c) . . . and provided actual notice to the Defendant," it was deemed valid. *Centennial Molding, LLC v. Tote-A-Lube*, No. 8:05CV175 , 2005 WL 2076509, *3 (D. Neb. Aug. 26, 2005) ("Service of process is intended to give notice to a defendant and, due process requires that service of process must be reasonably calculated to reach the defendant.") The Individual Defendants clearly received notice of this action, and thereafter filed their Motion to Dismiss.[2] The court finds that Plaintiff substantially complied with the technical requirements of service of process and also finds that the Individual Defendants received timely actual notice of this action. The Individual Defendants' Motion to Dismiss (Filing No. 12) is therefore denied.

### B.     Defendant Northstar Capital Acquisition, LLC

As with the Individual Defendants, Plaintiff served Defendant Northstar Capital Acquisition, LLC ("Northstar") by sending the summons form and a copy of the Complaint to the offices of Brumbaugh & Quandahl P.C. by certified mail.  Plaintiff apparently took this action because Brumbaugh & Quandahl P.C. has represented Northstar at some point in the past.  However, Plaintiff has not submitted any evidence showing that anyone at Brumbaugh & Quandahl P.C. is an agent authorized by Northstar to accept service of process on its behalf in this matter or that Northstar received actual notice of this matter. Therefore, service on Northstar was insufficient.

"While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where

---

[2]Notably, one of the Individual Defendants, Karl Von Oldenburg, is representing all of the individuals in this matter, and signed the pleadings relating to the Motions to Dismiss.

3

justice demands and prejudice would not result to the improperly served parties." *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted). As set forth above, service on Northstar was improper. However, on the court's own motion, Plaintiff shall have an additional 30 days in which to effect service of process on Northstar. Plaintiff is cautioned that he must comply with the Federal Rules of Civil Procedure in serving this remaining Defendant. Failure to serve Northstar properly within 30 days will result in the dismissal of the claims against Northstar.

IT IS THEREFORE ORDERED that:

1. Defendants' Motions to Dismiss (Filing Nos. 12 and 14) are denied. Defendants Brumbaugh, Quandahl, Von Oldenburg, Miller, and Rooney shall have until October 9, 2009, in which to file an answer to Plaintiff's Complaint;

2. Plaintiff shall have until October 30, 2009 to serve process on Defendant Northstar Capital Acquisition, LLC, properly. The Clerk of the court shall send one (1) summons form to Plaintiff together with a copy of this Memorandum and Order; and

3. All other pending motions are denied without prejudice to reassertion in accordance with a progression order after Defendants are properly served and answers are filed.

DATED this 28th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.