# UNITED STATES DISTRICT COURT OF NEBRAKSA, LINCOLN

**Nkuma Uche, pro se**                                              4:09cv3106

Plaintiff,

V.

**North Star Capital Acquisition, LLC.**

**Kirk E. Brumbaugh, Mark Quandahl,**

**Karl Von Oldenburg, Sarah Miller,**

**Cory Rooney,**

Defendants:

---

**Nkuma Uche, pro se**                                              4:09cv3123

Plaintiff,

**Brumbaugh &Quandahl, P.C**

Defendant.

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff's request an Order compelling **North Star Capital Acquisitions** ("Defendant") to provide full and complete responses to Plaintiffs 'request for production of documents, Interrogatories and request for

1

Admissions. Plaintiff has made good faith efforts to resolve this discovery matter before filing this motion by trying to conferring with Defendant's attorneys by letter dated April 4, 2010, April 26, 2010 and on the telephone on April 16, 2010.

Plaintiff indicated to Defendant attorney that he would accept written confirmation that Defendant Would provide the above information in lieu of filing this particular motion to compel. Defendant attorney returned plaintiff phone call and claimed that he has not received plaintiff letter and the discovery documents previously sent to Karl Von Oldenburg.

### HISTORICAL BACKGROUND INTRODUCTION:

**This is an action under Section 5(a). 5(m)(1)(A), and 139b) of the Federal Trade Commission Act (FTC Act), 15 U.S.A 45(a)45(m)(1)(A) and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, redress and disgorgement, against defendant for engaging in unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, as amended, 15 USA,45(a)and acts or practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.A. 1692 et seq., as amended, and the Fair Credit Reporting Act (FCRA), 15 U.S.A 1681 et seq., as amended, and to obtain monetary civil penalty for violations of the FDCPA and FCRA. United States of America v. FairBanks Capital, Civil No 03 12219. Federal Trade Commission v. Capital Mortgage Corp Civil Action NO. 98CV-237 (GK/AK)**

The Plaintiff filed its action on May 20, 2009 and Defendant blatantly failed to file an answer within twenty days as allowed by law. On June 10, defendant filed a motion to dismiss arguing that this matter should be dismissed due to insufficient of service process. On June 19, 2009 plaintiff filed a motion in opposition to defendants' motion to dismiss. On July 2, 2009 Plaintiff served First set of interrogatories as well as other written discovery requests. Plaintiff set of Interrogatories already in court file. On August 4, 2009, Plaintiff served its first request to answer interrogatories to defendant and also filed with the court. On August 10, 2009 Plaintiff telephoned Defendants' counsel to follow up on his letter and to try to resolve this issue without court

2

involvement. Defendants' counsel refused to return plaintiff phone calls or provide any additional information. On August 12, 2009 Plaintiff filed a motion to compel answer to Interrogatories and request for admissions. Defendant willfully and intentionally failed to answer interrogatories. On September 28, 2009, defendants' motion to dismiss was denied. The court also ordered that plaintiff shall have until October 30, 2009 to serve process on Defendant North Star Capital Acquisition, LLC properly. The clerk of the court shall send one (1) summons form to Plaintiff together with a copy of a Memorandum and Order. The court also ordered that all other pending motions are denied without prejudice to reassertion in accordance with a progression order after defendant is properly served and answers are filed.

Plaintiff served its summons of complaint, Returned Executed upon defendant North Star Capital on October 28, 2009.

On November 20, 2009, defendant North Star Capital Acquisition untimely filed an answer to plaintiff complaint. The answer filed by the defendant failed to specifically address the factual allegations in plaintiff complaint in violation of Rule 40 CFR 22.15 (a) (b) (c) (d).

On November 20, 2009, defendant also filed an Unsworn, Evasive and Incomplete response to plaintiff Interrogatories and request for Admissions.

Pursuant to the Federal Rules, and for the reasons stated below, Plaintiff was entitled to discover evidence directly relating to Plaintiffs' claims. Accordingly, this Court should have compelled the Defendant to answer the Interrogatories and request for admissions in accordance with Federal Rules of Civil Procedure. This court willfully and intentionally failed to do so for the benefit of the represented defendant against a pro se African American plaintiff. This court knew or has every reason to know that the defendant blatantly violated every single Federal Rules of Civil Procedure but the United States of America Federal Court looked the other way simply because the victim is an unrepresented African America pro se plaintiff.

**On March 18, 2010 this court ordered that all pending motions in both of the above – captioned matters are denied and a separate progression order was entered.** Plaintiff has

3

done everything and has complied with this recent order setting schedule for progression of case, while the defendant has absolutely made no efforts whatsoever to comply.

"THE DISTRICT COURT OF THE UNITED STATES OF AMERICA HERE WE GO AGAIN". Defendant has in the past blatantly refused to respond to plaintiff requests for production of documents, requests for admissions and answer to interrogatories in violations of Rule 33 of Nebraska Rules of discovery and Federal Rules of Civil Procedure as the records have shown. The District court of the United States of America did a very good job for looking the other way but was very busy searching for one little thing against an unrepresented African American pro se plaintiff in the name of Fairness and judicial economy. Plaintiff is entitled to discover evidence directly relating to Plaintiff claims. Accordingly, this court must compel the Defendant North Star Capital Acquisitions this time to answer the Interrogatories, request for Admissions and Production of documents if this court sincerely stands for the true meaning of justice and fairness.

**ARGUMENT**

**1. The Court should Order Defendant to provide complete answers to Plaintiffs' Interrogatories because Plaintiff is entitled to this discovery under the Federal Rules.**

Plaintiff's Interrogatories requested that Defendant provide the answers relevant and directly related to the pending case. Defendant has failed to comply with these requests. Because the information is relevant to the Plaintiff's claims and defenses and Plaintiff's Interrogatories are narrowly tailored to discover this relevant information. Defendant must be compelled to provide complete answers to Plaintiff's Interrogatories pursuant to Rules 33, 34 and 37.

Plaintiff respectfully submits that it is time for the Defendant to come to terms with the fact that federal courts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender." United Mkts., 24 F.3d at 656 (citing Waffenschmidt v. Mackay, 763 F.2d 711, 716 (5th Cir. 1985)).

**(a) Statement of the law.**

Under Rule 26(b) (1), a party is entitled to discovery on any matter that appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b) (1); 6 *See Crump v. Versa Prods.*, 400 F.3d 1104, 1110 (8th Cir. 2005). Further, Rule 33(a) (2) permits Plaintiffs to serve Interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a) (2). A Court may compel a party to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a) (3) (B) (iii). "Under the discovery rules, evasive or incomplete responses are treated as failures to respond." *Kashlan v. TCBY Sys., LLC*, 2007 U.S. Dist. LEXIS 84337, *12 (E.D. Ark. Nov. 6, 2007). "The party resisting production bears the burden of establishing lack of Relevancy or undue burden." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000); *see also EEOC v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996); *American Rock Salt Co., LLC v. Norfolk S. Corp.*, 228 F.R.D. 426, 440 (W.D.N.Y. 2004) (Granting motion to compel discovery because the defendants had "failed to sustain their burden" with respect to their objections); 8A Wright, Miller, & Marcus, *Federal Practice and Procedure: Civil 2d* § 2173, at 291-92 (1994) ("The burden is on the objecting Party to show why an interrogatory is improper.")

**(b) Plaintiffs' Interrogatories are directly relevant, narrowly tailored, and not Burdensome to Defendant.**

Plaintiff believes that Defendant has direct evidence of the numerous FDCPA and FCRA violations at the heart of this matter. This is an action under Section 5(a) 5(m)(1)(A), and 139b) of the Federal Trade Commission Act (FTC Act), 15 U.S.A 45(a)45(m)(1)(A) and 53(b), to secure permanent injunctive relief and other equitable relief, including rescission, redress and disgorgement, against defendant for engaging in unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, as amended, 15 USA,45(a) and acts or practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.A. 1692 et seq., as amended, and the Fair Credit Reporting Act (FCRA), 15 U.S.A 1681 et seq., as amended, and to obtain monetary civil

penalty for violations of the FDCPA and FCRA. United States of America v. FairBanks Capital, Civil No 03 12219. Federal Trade Commission v. Capital Mortgage Corp Civil Action NO. 98CV-237 (GK/AK);

Plaintiff interrogatories and request for admissions are relevant to the claims and defenses involved in this case and discoverable under" Fed. R. Civ. P. 26(a) (1). The request for admissions and Interrogatories at issue is narrowly tailored and seeks only information directly relevant and easily produced by Defendant. Accordingly, Plaintiff's Interrogatories request only relevant information and are narrowly tailored to information that is in the possession, custody, or control of – or easily obtained by – Defendant.

### (c). Defendant willfully and intentionally failed to admit or deny Request for Admissions:

Defendant refused to affirmatively admit or deny any substantive allegation in the Plaintiff's Complaint, Interrogatories and request for admissions. For example: Plaintiff propounded Sixty (60) Interrogatories and Sixty-five (65) Request for Admissions which were properly served upon the defendant to answer under Oath. Defendant willfully, intentionally and blatantly failed to respond to the entire request for admissions some of which required the defendant to specifically admit or deny under the penalty of perjury. This court must compel the defendant to respond to all the requests for admissions, Interrogatories and production of documents which were specifically propounded and served upon North Star Capital Acquisitions.

### (d). Defendant willfully and intentionally has failed to Response to Interrogatories:

As stated above, "under the discovery rules, evasive or incomplete responses are treated as failures to respond." *Kashlan v. TCBY Sys., LLC*, 2007 U.S. Dist. LEXIS 84337, *12 (E.D. Ark. Nov. 6, 2007). Defendant has failed to demonstrate to the Court "that the requested documents or information either does not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b) (1)" or specifically how each interrogatory is overly broad, burdensome or

6

oppressive. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511-12. Defendant has not, and cannot, make such demonstrations to the Court here. Indeed, is well settled that Plaintiff may "obtain discovery regarding the existence and description of tangible things and the identity and location of persons having knowledge of any Discoverable matter." *Id.* at 511 (citation omitted).

**In Lang v. Bank of North Dakota Civil No 940164,** the court ruled that; a party is not at liberty to 'pick and choose' what information will be provided and what information will be withheld. Selective, substantial compliance is not enough; complete, accurate, and timely compliance is required by the rules. If a party were allowed to withhold certain information because it had provided some of the requested information, the discovery process would be rendered useless." The fact that Lang answered some of the interrogatories does not excuse his failure to provide complete and accurate answers to the remaining interrogatories. The court further stated that: We recognize that dismissal of an action for discovery violations is a harsh sanction, and that, ordinarily, we prefer cases be decided on their merits. However, dismissal may be appropriate if there has been a deliberate or bad faith noncompliance which constitutes a flagrant abuse of or disregard for the discovery rules. Farm Credit Bank of Omaha v. McLaughlin, 474 N.W.2d 883, 886 n.5 (N.D. 1991); Vorachek, supra, 421 N.W.2d at 50-51. As we noted in Vorachek, supra, 421 N.W.2d at 51: As a result, this court should compel the defendant North Star Capital Acquisition to provide complete answer to plaintiff interrogatories and request for admissions.

### (e). Defendant has failed to forward objections to Plaintiff's Interrogatories.

On April 5, 2010 Plaintiff file a motion for amended complaint requesting leave to increase the number of interrogatories and request for admissions due to new discoveries.
As stated above, "under the discovery rules, evasive or incomplete responses are treated as failures to respond." *Kashlan v. TCBY Sys., LLC*, 2007 U.S. Dist. LEXIS 84337, *12 (E.D. Ark. Nov. 6, 2007). To avoid being compelled to answer Plaintiffs' Interrogatories, Defendant must

demonstrate to the Court "that the requested documents or information either does not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b) (1)" or specifically how each interrogatory is overly broad, burdensome or oppressive. *St. Paul Reinsurance Co.*, 198 F.R.D. at 511-12. Defendant has not, and cannot, make such demonstrations to the Court here. Indeed, is well settled that Plaintiff may "obtain discovery regarding the existence and description of tangible things and the identity and location of persons having knowledge of any Discoverable matter." *Id.* at 511 (citation omitted).

Finally, Defendant did not object to any of these Interrogatories, therefore any potential Objections have been waived. Fed. Rule. Civ. P. 33(b) (4). Accordingly, Defendant did not–and Cannot–meet its burden for objecting or failing to adequately respond to Plaintiff's Interrogatories and the Court should compel Defendant to produce the requested information.

**(f). Defendant should be ordered to pay Plaintiff reasonable expenses in making this Motion.**

Pursuant to Rule 37(a) (5), if Plaintiffs' Motion is granted, "the Court must require the party, whose conduct necessitated the motion to pay the movant reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a) (5). In this case, Fees are appropriate. Defendant did not provide the requested information as required in their initial disclosures or as requested in their discovery responses. Defendant has acknowledged that the Information sought is relevant and discoverable. The defendant failed to make any objections to the Interrogatories and ignored two written requests and one telephonic request for the requested Information. *See GP Indus., LLC v. Bachman*, 2008 U.S. Dist. LEXIS 90292, *12-13 (D. Neb.10) April 10, 2008) (holding that movant that filed a successful motion to compel was entitled to reasonable expenses pursuant to Fed. R. Civ. P. 37(a) (5)). Therefore, Defendant should be ordered to pay Plaintiffs' reasonable expenses in bringing this Motion.

**CONCLUSION**

**There is no just reason why this court in exercising its powers under Rule 37 (a) (2) should not order Defendant to answer plaintiff Interrogatories , request for admissions and**

8

**production of documents immediately, in the manner required under Federal Rules of Civil Procedure.**

Accordingly, Plaintiff request that the Court compel Defendant to provide adequate responses to Plaintiff's Interrogatories and request for admission as outlined above within ten (10) days and an order deeming Plaintiff's Request for Admissions to Defendant admitted and order Defendant to pay Plaintiff's reasonable expenses in bringing this Motion.

Respectfully submitted,

Nkuma Uche

309 North 6 Avenue

Hastings, NE 68901

## CERTIFICATE OF SERVICE

**IT IS CERTIFIED that service of a true copy of the forgoing Motion to Compel Discovery, Memorandum in support, therefore was made by United States Mail this _____ Day of May, 2010 upon:**

ROSENBURG & MORSE

1010 Insurance Exchange Building

505 Fifth Avenue

Des Moines Iowa 50309.

Nkuma Uche, pro se

U.S. POSTAGE PAID
HASTINGS, NE
68901
MAY 04, 10
AMOUNT
$6.83
0006420B-04

68508

CERTIFIED MAIL

7009 2820 0000 8222 1171

NKUMA
309 N 6TH AVE
HASTINGS, NE 68901

The office of the clerk
United States District Court
100 Centennial Mall North
Room S93
Lincoln NE 68508

RECEIVED
MAY 0 5 2010
CLERK
U.S. DISTRICT COURT
LINCOLN