IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NKUMA UCHE, | ) | CASE NO. 4:09CV3106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH STAR CAPITAL ACQUSITION, LLC, KIRK E. BRUMBAUGH, MARK QUANDAHL, KARL VON OLDENBERG, SARA MILLER, and CORY ROONEY, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| NKUMA UCHE, | ) | CASE NO. 4:09CV3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRUMBAUGH & QUANDAHL, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the sole issue remaining to be determined on Defendants' Motion for Summary Judgment (Filing No.153 in Case No. 4:09cv3106 and Filing No. 84 in Case No. 4:09cv3123) and Plaintiff's Motion for Summary Judgment (Filing No. 162 in Case No. 4:09cv3106 and Filing No. 90 in Case No. 4:09cv3123). In the Court's Memorandum and Order of December 15, 2010 (Filing No. 206 in Case No. 4:09cv3106 and Filing No. 133 in Case No. 4:09cv3123), the Court granted summary judgment in favor of Defendants with respect to all Plaintiff's claims, with the exception of his claim that the Defendants attempted to collect a time-barred debt in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

The Court incorporates herein, by reference, the background information, undisputed facts, standard of review, and analysis set out in its Orders of December 15, 2010.  As ordered, the parties have submitted briefs (Filing Nos. 207, 209, and 213 in Case No. 4:09cv3106 and Filing Nos. 134, 136 and 138 in Case No. 4:09cv3123) addressing the sole remaining issue, *i.e.*, whether the Defendants attempted to collect from the Plaintiff a time-barred debt, in violation of the FDCPA.  As ordered, the Defendants also submitted an Index of Evidence (Filing No. 208 in Case No. 4:09cv3106 and Filing No. 135 in Case No. 4:09cv3123).

The Defendants' evidence demonstrates, and the Plaintiff does not dispute, that: Plaintiff Nkuma Uche ("Uche") executed a written Acceptance Certificate from Capitol One, accepting an offer to open a MasterCard Account issued by Capital One in his name on or about May 17, 2000.  Uche made his last payment to Capitol One on the MasterCard account on April 9, 2004.  As of October 15, 2004, his principal balance owing on the account was $1,515.88, and the aggregate unpaid balance on the charge-off date of October 16, 2004, was $2,617.12.  Uche does not dispute that he incurred the debt.  Defendant North Star Capital Acquisitions LLS ("North Star") purchased Uche's MasterCard debt from Capital One and hired Brumbaugh & Quandahl to attempt collection of the debt.  On June 11, 2008, Brumbaugh & Quandahl sent a collection letter to Uche in an attempt to collect the debt, and filed a state court action against Uche in the District Court of Adams County, Nebraska, on or about July 25, 2008.  Uche was served with the

state-court summons on or about August 13, 2008.  On May 20 and June 19, 2009, Uche filed his Complaints in this Court, alleging violations of the FDCPA.[1]

Uche claims that Defendants attempted to collect a debt that was time-barred.  As this Court recently observed, it may be inferred from Eighth Circuit precedent "that a violation of the FDCPA has occurred when a debt collector attempts, through threatened or actual litigation, to collect on a time-barred debt that is otherwise valid." *Jenkins v. Gen. Collection Co.*, 538 F. Supp. 2d 1165, 1172 (D. Neb. 2008), citing *Freyermuth v. Credit Bureau Services., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001).  Nebraska law is unsettled regarding whether actions to collect third-party credit card debt are actions based on written agreements or actions based on "open accounts." *Jenkins,* 538 F. Supp. at 1173-74. *Id.*  If an action is based on a written agreement, the statute of limitations under Nebraska law is five years, but if an action is based on an open account, the statute of limitations under Nebraska law is four years.  *Id., citing* Neb Rev. Stat. § 25-205 (Cum. Supp. 2006), and § 25-206 (Reissue 1995).  Regardless of which statute of limitations is applied, under Nebraska law, "[v]oluntary payment of any part of principal or interest tolls the statute of limitations and a new right of action accrues after each payment." *Id.* at 1173 (citing *Pick v. Pick*, 171 N.W.2d 766, 767 (Neb. 1969); and *Castellano v. Bitkower*, 346 N.W.2d 249, 252-53 (Neb. 1984)).

Because Uche's last payment on his credit card debt occurred on April 9, 2004, the collection action was brought within five years, but not within four years, of the time that action accrued.  The Complaint filed by North Star in the Adams County, Nebraska, District

---

[1] Because the issues and arguments are the same in both cases, the Court has consolidated the actions for purposes of the pending motions.

Court does not indicate whether the action is based on the theory of written contract, or open account, which is not surprising in light of the fact that Nebraska law on that question is unclear.  (Filing No. 1, 16-17.)

Because Nebraska law is unsettled on the question of whether actions to collect credit-card debt are actions based on written contract or actions based on open accounts, Uche cannot demonstrate that any of the Defendants violated the FDCPA, let alone that any violation was intentional.  The Defendants had a good-faith basis for the filing of their suit; and, while Uche could have raised the statute-of-limitations issue as a defense in the state-court action and might well have succeeded in establishing new law, the uncertainty of the law at the time of the filing of the collection action precludes Uche from succeeding on his FDCPA claim.  See, *e.g.*, *Almand v. Reynolds & Robin, P.C.,* 485 F.Supp.2d 1361, 1364 (M.D. Ga. 2007) (because there was no controlling authority from  the state's highest court regarding which statute of limitations applied to plaintiff's debt, the "defendants did not knowingly file a time-barred suit" and "could not have violated the FDCPA"); *Simmons v. Miller*, 970 F.Supp. 661, 664 (S.D. Ind. 1997) (creditor's liability under FDCPA hinged on whether it knowingly filed a time-barred suit, and, because state law was unclear, such intent could not be shown); *Lindbergh v. Transworld Systems, Inc.,* 846 F.Supp. 175, 179 (D. Conn. 1994) (defendant's motion for summary judgment granted where plaintiff debtor produced no specific evidence "suggesting that the defendant actually knew or should have known that the collection of the plaintiff's debt was time-barred.").

Accordingly,

IT IS ORDERED:

1. Defendants' Motions for Summary Judgment (Filing No.153 in Case No. 4:09cv3106 and Filing No. 84 in Case No. 4:09cv3123) are granted;

2. Plaintiff's Motions for Summary Judgment (Filing No. 162 in Case No. 4:09cv3106 and Filing No. 90 in Case No. 4:09cv3123) are denied;

3. Defendants' Objections to Plaintiff's Motions for Summary Judgment (Filing No. 170 in Case No. 4:09cv3106 and Filing No. 98 in Case No. 4:09cv3123) are denied as moot; and

4. A separate Judgment will be entered.

DATED this 17th day of March, 2011.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge